INTERSTATE BUILDING AND LOAN ASSOCIATION v. HOLLAND.

BUILDING AND LOAN ASSOCIATION—STOCKHOLDER.—When a member of building and loan association borrows money therefrom and pledges his stock as security, the relation thereafter between him and the association is that of debtor and creditor. Rules of settlement between such borrower and the association in cases not tainted with usury, stated.

Before BENET, J., Edgefield, October, 1901. Reversed.

Foreclosure by Interstate Building and Loan Association against J. A. Holland and Mrs. A. P. Holland, who purchased the lot in 1894. From Circuit decree, the plaintiff appeals.

*Messrs. Sheppard Bros.,* for appellant, cite: *The contract should be construed as a building and loan contract:* 49 S.

C., 408; 55 S. C., 316.  *It is error to give credit for admission fee:* 15 Gray, 130; 7 Thomp. on Corp., sec. 9708, note 19; 47 S. W., 71.

*Mr. N. G. Evans,* contra, cites: *The relation between defendant and association is that of borrower and creditor:* 62 S. C., 178; 57 S. C., 420.  *As to calculation of payments:* 2 McC., 1; 2 McC., 207; 54 S. C., 214.

March 25, 1903.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This is an action to foreclose a real estate mortgage given by defendants, Holland, to the plaintiff association to secure his bond to the association for $2,000, money borrowed, which was also secured by an assignment or pledge of forty shares of the capital stock of said association held by the borrower.  The defendant pleaded payment, usury and counter-claim.  The trial resulted in the following decree of the Circuit Court, sustaining only the plea of payment: "The above stated action for the foreclosure of the mortgage set out in the plaintiff's complaint came on for a hearing before me at the spring term of this Court for Edgefield County, in March, 1900, upon the pleadings and evidence taken by the master of said county and reported under an order for that purpose.  From this evidence I find the following facts: That on the 28th day of July, 1892, J. H. Holland borrowed from the plaintiff association the sum of $2,000; that as security for this loan he assigned to the said plaintiff forty shares of the capital stock of the said association, and that on the 28th day of July, 1892, he gave to the plaintiff the bond and mortgage set out in said complaint, conditioned to pay the plaintiff, on the third Wednesday in each month thereafter, the sum of $24 as a monthly instalment on said shares of stock, and shall continue to make such monthly payments for and until such time as each share of the stock borrowed on shall mature; and the sum of $10 at the same time as interest on said loan;

29—65

that said bond further provides that 'it is understood that upon final settlement with the association it shall retain no greater sum than the amount actually advanced, with interest thereon at the rate of eight per cent. per annum.' That defendant, James A. Holland, paid all the instalments, interest and fines called for by said mortgage and the by-laws and rules of said association, on said stock, up to the 1st day of April, 1897, when he defaulted and ceased to make any further payment. The amount so paid by him on his forty shares of stock was as follows:

Sixty-six instalments of $24 each.................$1,584 00
Fifty-four instalments of interest of $10 each....   540 00
Fines on forty shares.............................   124 00

Total............................................$2,248 00

I find from the evidence of the president of said association that the defendant's share of the profits on each share of said stock at about the time of said default was $14.13, and the total profit on said forty shares is, therefore, $565.20. The plaintiff must account to said defendant for these profits. Adding these profits to the said sum of $2,248, so paid by said defendant to the said plaintiff, the total amount which he has paid said plaintiff is the sum of $2,813.20. The amount due on said bond and mortgage, with interest at eight per cent. per annum from July 28th, 1892, to April 1st, 1897, the date of default, is as follows:

Principal ........................................$2,000 00
Interest, four years, eight months and three days   747 99

Total............................................$2,747 99

The defendant, J. A. Holland, has, therefore, overpaid the plaintiff $65.21, and is due nothing on said bond and mortgage, and the complaint is, therefore, dismissed with costs."

To this decree appellant excepts as follows:

"First. Because the Circuit Judge erred in finding and holding that the defendant had overpaid the plaintiff in the sum of $65.21, and, therefore, that the defendants are

due nothing on said bond and mortgage mentioned in the complaint.

"Second. Because the Circuit Judge erred in finding and holding that the defendants were entitled to credit for sixty-six instalments of $24 each; whereas, if the defendants were entitled to credit at all on account of said instalments, they were only entitled to credit for sixty-four instalments.

"Third. Because the Circuit Judge erred in allowing the defendants credit for the sum of $1,584, being the amount of sixty-six payments on the forty shares at sixty cents per share; whereas, if the defendants were entitled to credit at all on account of the payments of instalments, they were entitled to credit for the payment of sixty-six instalments of forty shares at 52 cents a share, as under section 2, of article III., of the by-laws of the plaintiff association, 'eight cents per month per share shall be set aside for expenses,' and under section 3, of article IV., of said by-laws, the said 'eight cents per month per share' constituted no part of the loan fund of said plaintiff association. Therefore, if the defendants made sixty-six payments of instalments, they were only entitled to credit on account thereof for the sum of $1,372.80.

"Fourth. Because the Circuit Judge erred in allowing the defendants credit for fifty-four instalments of interest at $10 each; whereas, they are entitled to credit for fifty-five instalments of interest at $10 each, if they are entitled at all to credit on account of the payment of interest.

"Fifth. Because the Circuit Judge erred in allowing the defendants credit for the sum of $124 on account of 'fines on forty shares;' whereas, under section 4, of article III., of the by-laws of the plaintiff association, all fines paid by defendants become 'part of the loan fund,' and should be included in the statement of profits to which the defendant may be entitled to credit.

"Sixth. Because the Circuit Judge erred in allowing the defendants credit for the sum of $565.20 on account of profits on said forty shares; if at the same time defendants

are to be allowed credit for the payment of instalments and interest made on said shares.

"Seventh. Because the Circuit Judge erred in failing to allow plaintiffs credit for $20 on account of insurance paid on the building included in the mortgage according to the covenant thereof, to wit: $10, paid August 1st, 1898, and $10 paid August 10th, 1899, and interest on said amounts, respectively, from the date thereof. It being undisputed in the testimony that they were in fact made by the plaintiff.

"Eighth. Because if the value of each share of stock was $14.13, as found by the Circuit Judge, then the defendants were only entitled to credit on account of said profits to the sum of $282.60, and not to the sum of $565.20, as found by the Circuit Judge."

No question of usury is now involved in this appeal, and, therefore, in stating the rule which shall govern settlements between the association and a borrowing stockholder, we are not called upon to consider the applicability of the principle announced in *Butler* v. *Butler,* 62 S. C., 165, 40 S. E., 138. The writer of this opinion has always inclined to the view, which was mentioned in *Association* v. *Vance,* 49 S. C., 407, 27 S. E., 274, by Judge Benet, A. A. J., that a borrowing stockholder in the building and loan association occupied a dual relation as stockholder and borrower, and that in all settlements between them the duties, privileges and liabilities appertaining to each relation should enter into the settlement. This view would necessarily require the borrowing stockholder to comply with the proper rules of the association, pay his proportion of the expenses, bear his part of the losses and receive his share of the profits. But the view which must now be accepted as settled in this State is thus stated in *Bird* v. *Kendall,* 62 S. C., 192, 40 S. E., 142: "When a person subscribes for shares and becomes a member of a building and loan association, pledging his shares of stock to secure its payment, he thereby practically ceases to be a member of the association. The new relation between him and the association is that of debtor and creditor, and it can only recover

the principal sum loaned, together with the legal rate of interest. There are *dicta* in some of our cases contrary to this statement of the law, but after mature deliberation this Court has reached the conclusion just mentioned." Building now upon this settled view of the borrowing stockholder's relation to the association, some consistent rules of settlement should be formulated.

First. The borrower should not have credited on his loan such sums as were paid by way of admission fees, stock dues, fines, &c., while a non-borrowing member and before the loan was created, since they were paid as a member of the association according to its rules, and in no sense can they be considered as payments upon a loan not in existence. He should, in lieu of all such payments, have credit on his loan for the withdrawal value of his stock *at the time of the loan,* determined according to the rules of the association, in the absence of an agreement, just as if he had in legal effect made demand then for such withdrawal value. *Moore* v. *Association,* 50 S. C., 89, 27 S. E., 543.

Second. He should have credit on the loan for all payments thereafter made of stocks, dues, interest, premiums, in whatever form or guise, or fines, all being treated as modes of payment as a borrower, to be credited as of the time of payment, with interest to be adjusted or calculated according to the rule of partial payments, known as the United States rule.

Third. No deductions from such payments should be allowed under any by-law providing, for example, that "eight cents per month per share shall be set aside for expenses," because having in contemplation of law ceased to be a member of the association, he is not chargeable with its expenses.

Fourth. For the same reason, he is not chargeable with any losses of the association, nor is he entitled to any share in the profits of the association.

Fifth. He is liable for the sum loaned, with such interest as may be lawfully collected under the contract. In this

case the contract was, "that upon final settlement with the association, it shall retain no greater sum than the amount actually advanced, with interest thereon at the rate of eight per cent. per annum."

These rules are not intended to be exhaustive, but they are adequate for the disposition of all matters involved in this appeal. Inasmuch as it appears that the Circuit decree reaches the conclusion that the mortgage debt has been over-paid by reason of the credit allowed for $565.20 profits on forty shares of stock, which is not a proper credit under the rules stated, it is manifest that the decree must be reversed. In so far as the exceptions are consistent with the rules stated, they are sustained, and in so far as they are not consistent therewith, they are overruled.

The seventh exception is also sustained, for the reason that the mortgage stipulates with reference to securing premiums for insurance of the mortgaged premises paid by plaintiff, and the undisputed testimony is that the amounts mentioned in said exception were paid as alleged. It may be that the adjustment had upon the rules stated would hereafter require a dismissal of the complaint; but for want of all requisite data as to the value of the stock at the time of the loan and the payments of stock dues, fines, premiums, interest, &c., after the loan, separated from the fees, dues and fines paid before the loan, we will not undertake to make any calculation.

The judgment of the Circuit Court is reversed, and the case is remanded for disposition in accordance with the rules above announced.