7054

CUNNINGHAM v. CUNNINGHAM.

1. TRUSTEE—ACCOUNTING—REAL PROPERTY.—One taking legal title to
land to mortgage and pay from rents the debts of grantor and then
to reconvey takes the land as trustee and is liable for rents and
profits.   As such trustee the grantee here is *held* to account, under
facts here, for value of rent cotton at time received by him, and
failing to show the actual rent value of so much of the land as he
cultivated, he is charged with a reasonable rental value of what he
cultivated.   He is not entitled to credit for loss in furnishing mules
and supplies to his tenants on the land.   In absence of amount
assessed by jury for extraordinary services, he can only be allowed
five per cent.   But this conclusion does not prevent trustee from
suing for extra compensation or having same assessed by jury
herein.

2. USURY.—The holder of the equitable title to land may set up usury
under our statute in foreclosure of mortgage given by one holding

the legal title. Here the transaction between the holder of the legal title and the defendant building and loan association held to be usurious and the mortgage debt overpaid.

Before PURDY, J., Laurens, May, 1907.    Modified.

Action by John Cunningham against R. N. Cunningham and the Perpetual Building and Loan Association. From Circuit decree, defendants appeal.

*Mr. W. R. Richey,* for appellant.    No citations.

*Mr. F. P. McGowan,* contra, cites: *A negative pregnant plea to a sealed instrument is bad in absence of fraud or mistake:* 11 Rich., 125; 44 S. C., 381; 53 S. C., 348.    *Deed absolute may be shown a mortgage by parol:* 3 Pom. Eq. Jur., sec. 1196; 70 S. C., 66; 41 S. C., 167; 21 S. C., 400; 17 S. C., 458; 1 Jones on Mtg., secs. 265, 279, 244; 18 Ia., 504; 15 Ency., 791.    *Duties of grantee as trustee:* Hill on Trustees, 114, 317; 3 Hill, 204; 1 McC. Eq., 464; McM. Eq., 153; 7 Rich. Eq., 46; 2 Jones on Mtgs., secs. 1114-6; 15 Ency., 821; 17 S. C., 324.    *As to compensation:* 13 Rich. Eq., 145; 2 Jones on Mtgs., sec. 1132.    *Trustee cannot speculate on trust estate:* 2 Jones on Mtgs., sec. 1123; 27 Ency., 194; 2 McC. Eq., 214; Bisphames Eq., sec. 148. *Transaction with B. & L. Ass'n was usurious:* 15 S. C., 463; 12 Rich. Eq., 124; 28 S. C., 534; 55 S. C., 105; 65 S. C., 449; 62 S. C., 178; 51 S. C., 420; 50 S. C., 89.

November 16, 1908.    The opinion of the Court was delivered by

MR. JUSTICE JONES. In 1894 John Cunningham, plaintiff, through partition of the estate lands of his father, became owner of a tract of land in Laurens county containing about 472 acres.    Thereafter, on July 26, 1895, he mortgaged said land to J. T. Johnson and W. R. Richey to secure a

note for $600, payable November 26, 1897; and on December 2, 1896, he mortgaged the said land to Johnson & Richey to secure a note for $162, payable December 1, 1897. Judgments for foreclosure of these mortgages were entered on July 22, 1898, on the first named for $701.70, and the second for $196.24, and the land was advertised to be sold the following December. To prevent such sale an arrangement was made under which John Cunningham, on November 18, 1898, executed to Robert N. Cunningham a deed, in form, conveying to him an absolute title in said land, the consideration expressed in the deed being $1,100. On the same day Robert N. Cunningham executed to the plaintiff the following instrument:

"State of South Carolina, County of Laurens.

"To all whom these presents may concern:

"R. N. Cunningham               sends greeting.

"Whereas, I, the said R. N. Cunningham, have purchased a tract of land, consisting of four hundred and seventy acres, more or less, on Saluda River, bounded by lands of myself, Clarence Cunningham and B. D. Cunningham; and whereas, the said lands were conveyed to me to mortgage the same and pay certain debts of John Cunningham, and hold the same to pay certain indebtedness of the said John Cunningham due to me. Now, know all men by these presents: That I, the said R. N. Cunningham, have and hold the said lands for the purpose aforesaid; and, in further trust, that after meeting all the debts due me by said John Cunningham, discharging the mortgage this day given to the Perpetual Building and Loan Association of Laurens, should the said John Cunningham at any time be able to pay all of said debts and obligations, and a reasonable interest to me, I bind my heirs and executors to reconvey the said lands to the said Cunningham, he, of course, to pay for all betterments and improvements. Given under my hand and seal, this November, 1898.        R. N. Cunningham.    (L. S.)"

The debts of John Cunningham at that time were : Judgments to Johnson & Richey, $936.69 ; note to Bailey's Bank, $10 ; due bill to W. R. Richey, $50 ; note to Robert N. Cunningham, $150 ; aggregating the sum of $1,101.69.

In order to procure the money to pay John Cunningham's debts Robert N. Cunningham on the same day mortgaged the land to the defendant, Perpetual Building and Loan Association, for $1,200, assigning as further security six shares of stock in said association, which on maturity thereof, according to plan, would be of the value of $1,200. After deducting for expenses of the loan, $12.25, amount paid for six shares stock, $54, interest for nine months, $3.25, nine months' dues in advance, $175.50, aggregating $245, he received from the association $955, which was applied to the payment of the three first mentioned debts of plaintiff, leaving in his hands $3.31.

Robert N. Cunningham went into possession of the premises after the execution of the papers aforesaid, rented the same out, and received rents and profits, and cultivated a small portion of the land himself during the years 1899 to 1906.

This action was commenced by plaintiff on May 10, 1906, for the purpose of requiring the defendant, Robert N. Cunningham, to account for the rents and profits received from the lands mentioned, and to reconvey the same, and of requiring the defendant, Perpetual Building and Loan Association, to cancel and surrender the mortgage given to it over the said land by the defendant, Robert N. Cunningham, and to pay plaintiff any amount which may be due the defendant, Robert N. Cunningham, by said association, on account of six shares of stock which said Cunningham held in said association. A part of the defense set up by the defendant, Robert N. Cunningham, was that plaintiff's deed to him conveyed a fee simple title to the land, and that if he signed the alleged defeasance set out in the complaint it was without consideration, null and void, and not binding on said de-

fendant. The defendant, Perpetual Building and Loan Association, as a defense, alleged that the defendant, R. N. Cunningham, by virtue of the deed given him by the plaintiff, John Cunningham, had mortgaged the said land to said association, on or about 18th November, 1898, for $1,200, and had assigned to it as collateral security six shares of its stock, the ultimate value of which was $200 per share; and that, under its agreement with said R. N. Cunningham, he was to pay to said association $19.50 per month—$6 as payment on stock, $6 as interest, and $7.50 as premium—until the said shares of stock became of the value of $200 each, when the said mortgage would be fully paid and satisfied. It alleged that R. N. Cunningham still owed on said mortgage $425.35, and had broken the conditions of the contract and subjected the mortgage to judgment for foreclosure, and prayed for judgment for foreclosure.

Plaintiff, in reply to the answer of the defendant, Building and Loan Association, alleged that the contract between the defendant, Building and Loan Association, and the defendant, R. N. Cunningham, was usurious, and that the mortgage debt was already overpaid.

The cause was heard before his Honor, Judge R. O. Purdy, at the spring term, 1907, for Laurens county, on testimony taken by R. E. Babb, special referee. and additional testimony introduced at the trial. Judge Purdy ordered an accounting of the rents and profits, reconveyance of the land, surrender of possession and delivery of all rental contracts by defendant, R. N. Cunningham, and cancellation of the mortgage held by defendant association, and further adjudged that Robert N. Cunningham should pay plaintiff $708.16, the balance due him upon the accounts as established in the decree.

Defendants appeal from Judge Purdy's decree.

We think it clear that the transaction between the parties, as evidenced by the two instruments, placed the legal title in Robert Cunningham, but subject to the trust declared in

the writing signed by him: (1) To mortgage the same and pay certain debts of John Cunningham, including indebtedness of John to Robert; (2) to hold the land for the purpose aforesaid; (3) to reconvey to John Cunningham when Robert Cunningham was reimbursed for his payment of said debts, with interest, and for all betterments and improvements.

Robert Cunningham was trustee, holding the legal title, but the equitable estate and beneficial interest was in John Cunningham. As Robert Cunningham was merely holding these lands for the purpose of paying said debts, he was, as trustee, accountable to John Cunningham for rents and profits. The rule in reference to the accountability of trustees requires that they shall use such diligence in the preservation and improvement of the trust fund as a prudent man would do in relation to his own affairs; that he shall not make profit out of his trust, and that he shall be charged with no loss except for neglect of duty. *Dixon* v. *Hunter*, 3 Hill, 204; *Nicholson* v. *Whitlock*, 57 S. C., 42, 35 S. E., 412.

In the accounts, as stated by the Circuit decree, Robert Cunningham is properly charged with all the rents received by him since he has been in possession, and we think the Court has correctly ascertained the amount of cotton rents so received. The ordinary and proper rule is to charge the trustee with the value of the cotton rents at the time of their receipt, and thus eliminate all speculative holding of the cotton; but as there is no such definite showing as will enable this Court to ascertain whether the value of the cotton at the time of its receipt was anything different from its value at the time of sale, we will not disturb the finding of the Circuit Court as to the value of the cotton rents received by Robert Cunningham each year, for which he should account. Nor can we sustain respondent's contention, that the trustee should account for the highest price he might have obtained for the cotton, because of a rise of

price during the period of holding the same, because his primary liability was for the value of the cotton at the time of its receipt, and it does not appear that he has not been made to account for such value, nor does it appear that he has made any profits from dealing with the cotton rents, nor that he did not exercise his best judgment under the circumstances. We are of the opinion, however, that the Circuit Court erred in charging Robert Cunningham with 1,000 pounds of cotton, as rent of the portion of the land worked by himself. After a review of the testimony, we are satisfied that Robert Cunningham did not work an amount of the land exceeding sixteen acres, on an average which, under the testimony, is not more than two-thirds of a one-horse farm. As 1,000 pounds of lint cotton, according to the testimony, was the rental value of a full one-horse farm, the trustee should be only charged with two-thirds of this amount each year. The trustee testified that he made no profits whatever from his working of the land, and that he only worked patches in parts of the land he could not rent; but, in the absence of any definite showing by him of the profits made by him, he is chargeable with a reasonable rental value of two-thirds of 1,000 pounds of cotton.

We think the Circuit Court committed no error in refusing to allow Robert Cunningham credit for $550, claimed by him to have been lost in selling mules to the tenants, and in furnishing or becoming responsible for supplies to said tenants. These enterprises, while beneficial to the trust estate, did not properly fall within his duties as trustee, so as to make the trust estate chargeable therefor. These transactions must be treated as if strangers had sold the mules and furnished the supplies to the tenants without waiver of the claims for rent. The mules were sold to the tenants by Robert Cunningham, and the supplies were mostly furnished by J. Q. Pyles & Co., of which firm Robert Cunningham was a partner; and while, no doubt, these transactions were partly done in order to realize rents, the strong-

est motive for making them was the prospects of profits he hoped to realize for himself by reason of the same. Nor does it appear with any certainty what precise loss was sustained. The amounts claimed were balances due on the accounts lapping over from year to year, and may not represent anything more than the loss of the profits that would have been made had full payment been received; and it is possible that some of the amounts may yet be paid by the debtors. At any rate the trust estate is not chargeable with this loss.

The Circuit Court allowed Robert Cunningham ten per cent., one way, as commissions for his services in the premises. Both sides object to this conclusion; the defendant, Cunningham, on the ground that the compensation should have been $150 per annum, as a reasonable sum for extraordinary services; whereas, the plaintiff contends that no commissions at all are allowable.

All this matter is regulated by statute. By sec. 2560, Civil Code, executors and administrators for their care, trouble and attendance in the execution of their duties are allowed a commission of two and a half per cent. for receiving and two and a half per cent. for disbursing funds coming into their hands, except that they are not entitled to commissions for money paid or retained for debts or legacies due them. Sec. 2561 provides that executors or administrators who have had extraordinary trouble in the management of the estates under their care, and who are not satisfied with the sums herein allowed, may be at liberty to bring an action in the Court of Common Pleas for their services, and the verdict of the jury and the judgment of the Court thereon is final, provided no verdict shall be given for more than five per centum over and above the sums allowed in sec. 2560. Sec. 2590 provides that trustees shall be allowed the same commissions in the execution of their trust as are allowed by law to executors and administrators. We see no ground for applying to trustees a different rule with respect to the

33—81

allowance of additional compensation. There was in this case no verdict of a jury on the matter of additional compensation, hence it was error to allow commissions in excess of the amount provided by statute. This conclusion, however, is not to prejudice the right of the defendant, R. N. Cunningham, to sue for additional compensation, as provided in sec. 2561, or to have the same assessed by a jury in this case.

With respect to the $61.85, which defendant claims should have been charged against plaintiff in the accounting, we find no sufficient testimony in the record to warrant the disturbing of the conclusion of the Circuit Court that it was not a proper charge.

Appellants point out, with Exceptions 8, 9 and 10, several errors in the calculations of the Circuit Court in stating the account. It appears that there were errors in calculation, as alleged in these exceptions, and they should be corrected in restating the accounts.

It must follow from the foregoing that the judgment in favor of plaintiff against Robert N. Cunningham, for $708.16, is excessive, and should be reduced to such amount as restatement of the accounts will show, when corrected as herein indicated.

The remaining exceptions relate to the issues between plaintiff and the defendant, Building and Loan Association.

The Building and Loan Association sought to foreclose the mortgage in question, claiming a balance to be due thereon of $425.35, with interest from May 10, 1906, at eight per cent. per annum. Robert N. Cunningham, the borrower and holder of the legal title of the mortgaged premises, raises no issue against the Building and Loan Association. The plaintiff, John Cunningham, however, pleads usury and counterclaim for usurious interest received, and that the mortgage, upon a proper settlement between it and Robert N. Cunningham, has been paid.

The Circuit Court held that the transaction between the association and Robert N. Cunningham was usurious, but that, nevertheless, the plaintiff seeking the cancellation of the mortgage must do equity, and that the association was entitled to recover the amount borrowed, with interest at seven per cent., after deducting monthly stock dues, premiums and interest paid thereon, according to the rule of partial payments by annual rents and balances. The Court thereupon stated the account on that method, and ascertained that the loan had been, on February 14, 1906, overpaid by $243.35.

Appellant contends that the plea of usury is not available to plaintiff, and that the loan is not usurious.

Plaintiff, as equitable owner of the land mortgaged, had the right to plead usury under sec. 3 of the Act of February 10, 1898, sec. 1664, Code of Laws 1902, which provides: "The borrower and his heirs, devisees, legatees, or personal representatives, or any creditor or any person having a legal or equitable interest in the estate or assets of such borrower, may plead the benefit of the provisions of the following section, etc."

We agree with the Circuit Court that the contract was usurious, as on a loan of $1,200 the contract provides for a monthly payment, besides stock dues, of $6 as interest, and $7.50 as premium, another name for interest; whereas, the legal rate of interest allowed by law is eight per cent. per annum. This result is not avoided by the fact that a by-law of the association provided that the interest and premium paid by borrowing members shall not exceed eight per cent. per annum, on moneys advanced on shares, upon the shares reaching the maturity or settlement value. Making the calculation under the rule stated in *Association* v. *Holland,* 65 S. C., 453, 43 S. E., 978, on the theory that there was no usury, the payments exceed the loan and interest, whether at seven or eight per cent. per annum; hence, of course, if no interest be allowed at all, because of usury, the payments

must exceed the loan. Whether John Cunningham could recover anything of the Building and Loan Association on his counterclaim for alleged usury is not involved in this appeal, as the Circuit Court declined to allow such counterclaim, and no exception is taken to such ruling.

The judgment of the Circuit Court is modified in the particulars mentioned above, in all other respects it is affirmed, and the cause remanded for a restatement of the accounts between John Cunningham and Robert Cunningham, in accordance with the views herein announced.