13398

HUGGIN v. PEOPLES BUILDING & LOAN ASS'N

(163 S. E., 883)

*Messrs. W. S. Hall, J. C. Fort* and *Thomas & Lumpkin,* for appellants,

*Messrs. Donald Huggins* and *T. F. McDow*, for respondent,

May 2, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff became a member of the defendant building and loan association by subscribing to twelve shares, series 35, of its capital stock. The same day, July 11, 1924, he borrowed of the association the sum of $1,200.00. In evidence of the debt he gave his bond in that amount, and to secure its payments he executed to the association a mortgage of real estate. By the terms of the contract, plaintiff obligated himself to pay to the treasurer of the association, on or before the second Saturday in each month, the sum of $20.00; of which the sum of $12.00 was to be applied on the installments due on the stock and $8.00 to interest due on the loan.

A provision of the bond was stated in these words: "And whereas, it is contemplated that the said series in said Association shall wind up when the funds and assets of the same have so accumulated as to enable each stockholder and member of said series, upon a fair division, to be paid, or

receive the sum of One Hundred Dollars on each and every share held by him or her."

In other words, the accumulated payments of assessments by all the members and of interest by borrowing members with forfeitures and the like incidental increments were expected to mature the stock within an estimated number of months. If this expectation should be realized, plaintiff's matured stock would cancel his mortgage debt.

He alleges in his complaint that he has fulfilled the terms of his obligation by paying the sum borrowed by him with the interest due thereon, and has demanded the surrender of his bond and mortgage and the cancellation of the mortgage of record. This defendant refuses to do. Plaintiff brings his action under Sections 8703, 8704 of the Civil Code of 1932 to compel the cancellation of the mortgage and for the penalty authorized by the statute. For answer to the complaint defendant alleges that, by reason of unexpected losses and the defalcation of an officer of the association, it had been impossible to mature the stock within the time anticipated, and that therefore the stock of plaintiff was not sufficient in value to redeem his bond and mortgage; and that he was bound as a member of the association to continue his payments of installments and interest until each share in that series of the association had reached the value of $100.00; that by the terms of his contract of membership in the association he was bound to continue his payments till the stock does mature.

The issue is one of long standing in the history of building and loan associations. Plaintiff contends that when he became a borrower from the association he ceased to be a member of it, and the relation between them was that of creditor and debtor.

The defendant contends that the dual relationship of member and borrower existed. The case was referred to a special referee who held that, under the rule established in this State, the contention of plaintiff must be sustained. Accordingly he recommended that defendant be ordered to

cancel the mortgage of record, and that it pay plaintiff $150-.00 as attorney's fee. The Circuit Court affirmed the report, except that it directed that the $150.00 be paid plaintiff as a penalty under the statute, rather than an allowance for attorney's fees. The appeal is from the order of the Circuit Court.

Appellant's counsel asked the leave of the Court to review the line of cases in this State which hold that, when a member of a building and loan association borrows of the association, he ceases to be a member thereof, and the relation between him and the association is that of borrower and lender. This leave was granted, and counsel for appellant have presented a very strong argument in favor of overruling that line of cases. After consideration, the Court is not inclined to change a rule, or rather a line of decisions, which has had placed upon it the imprimatur of jurists who have adorned the bench of South Carolina. This Court will adhere to the rule laid down in the cases of *Buist v. Bryan*, 44 S. C., 121, 21 S. E., 537, 29 L. R. A., 127, 51 Am. St. Rep., 787; *Bird v. Kendall*, 62 S. C., 178, 40 S. E., 142; *Interstate Building & Loan Association v. Holland*, 65 S. C., 448, 43 S. E., 978, and cases in harmony with them.

With commendable frankness, counsel for appellant concede that, if the cases which they ask to review be sustained, then this appeal must be dismissed. It follows then that since the Court will not overrule the cases sought to be reviewed, that the appeal must be dismissed and the judgment below affirmed.

It is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and Circuit Judge TOWNSEND, ACTING ASSOCIATE JUSTICE, concur.