682 S.E.2d 312

Harvey L. FOSTER, Respondent,

v.

Gary FOSTER, Jean F. Burbage, Mike Foster
and Jean Burbage as Trustee, Appellants.

No. 4606.

Court of Appeals of South Carolina.

Heard June 10, 2009.

Decided Aug. 6, 2009.

Rehearing Denied Sept. 17, 2009.

J. Falkner Wilkes, of Greenville, for appellants.

Rhett Burney, of Laurens, for respondent.

LOCKEMY, J.:

Gary Foster, Jean A. Burbage, and Mike Foster (Appellants) appeal the trial court's order granting summary judgment to Harvey L. Foster (Foster) in his action to recover property Foster alleges was taken by the Appellants. Specifically, the Appellants argue the trial court erred in: (1) voiding a deed; (2) ordering the transfer of funds to Foster when there was evidence the funds were a gift from Foster; (3) ordering the transfer of funds to Foster when there was evidence that a portion of the funds were used to pay Foster's assisted care expenses; and (4) finding there was no evidence as to Foster's incompetence. We affirm in part and reverse in part.

## FACTS

Foster is the 88–year-old father of the Appellants. In April 2004, Foster executed a deed to his home and named Jean Burbage (Burbage) his attorney-in-fact.[1] The deed conveyed his home to Burbage as trustee while reserving a life estate for himself. In November 2005, Foster was treated for congestive heart failure and spent several weeks in the hospital. After leaving the hospital, Foster lived at Langston House, an assisted living facility, until December 2006.

While Foster was living in Langston House, Burbage handled his finances. Burbage and Foster shared a joint checking account. Foster claimed Burbage shared his account so she could use the funds to provide for his care. In October 2006, Burbage liquidated a CD belonging to Foster worth $45,000 and deposited the money into their joint checking account. She later moved the money into a money market account in the Appellants' names. After leaving Langston House, Foster moved into the home of his current wife, Vera Snow.

The Appellants failed to include Foster's complaint and their answer in the record. It appears from the trial court's order and the arguments made at the summary judgment hearing that Foster filed suit alleging the Appellants took money from his checking account and other property from him. Subsequently, it appears the appellants refused to return Foster's property upon request. Foster also asked the trial court to void the deed he signed to his home.

Burbage testified she was the trustee for her brothers, and she was to divide Foster's property between the three siblings equally. However, Burbage also testified she was not aware of any written trust declaration created by Foster. Foster contends he signed the deed without reading it because he trusted his daughter to act in accordance with his wishes. Furthermore, Burbage admitted she made telephone money transfers from Foster's account into the money market account totaling $73,800. Burbage testified the money was moved so it would be protected and gain interest. She further

---

1. Foster revoked Burbage's power of attorney in December 2006.

testified that Foster's property belonged to him even though it was in an account in the Appellants' names.

At trial, the Appellants argued Foster was mentally incompetent. Burbage testified her father was not thinking rationally, exhibited behavioral changes, and suffered from severe memory lapses. The Appellants never produced any medical evidence to support their allegations, and Foster testified he had never been diagnosed with dementia or Alzheimer's disease.

The trial court granted Foster's motion for summary judgment. The trial court found there was no genuine issue of material fact as to Foster's mental competence, voided the deed, and ordered the Appellants to transfer Foster $73,800. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this court applies the same standard of review as the trial court under Rule 56, SCRCP. *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 219, 616 S.E.2d 722, 729 (Ct.App.2005). Summary judgment is proper when no issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. "In determining whether any triable issue of fact exists, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Pye v. Estate of Fox*, 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006).

## LAW/ANALYSIS

### I. Deep

The Appellants argue the trial court erred in voiding the deed signed by Foster conveying his home to Burbage as trustee. Specifically, the Appellants rely on *Cunningham v. Cunningham* to support their assertion that a trust instrument may consist of more than one writing. 81 S.C. 506, 62 S.E. 845 (1908). They contend the signed deed and Foster's will, which leaves his home to his children, are enough evidence to prove a trust was created. Foster argues his will does not reference a trust and no written trust agreement

ever existed. Furthermore, Foster contends the deed named a grantee that did not exist and is, therefore, void. We agree with Foster.

■■■■ Here, the trial court found there was no trust account; therefore, no trust existed. Accordingly, the trial court voided the deed. To prove the existence of a trust, the following elements must be shown: (1) a declaration creating the trust, (2) a trust *res,* and (3) designated beneficiaries. *Whetstone v. Whetstone,* 309 S.C. 227, 231, 420 S.E.2d 877, 879 (Ct.App.1992). Furthermore, the trust declaration must be in writing when the trust property includes realty. *Id.* The Appellants have not produced a written declaration creating a trust, and Burbage testified she was not aware of any trust Foster created. Moreover, while the Appellants contend they are the beneficiaries of the trust, they failed to present a trust document or any other evidence to support their position. Because no written trust document was presented to the court, we do not believe a trust existed. Therefore, Burbage was not a trustee. Without a trustee, the deed is void because it designates a grantee that does not exist.

Although there are no South Carolina cases on point, the facts of this case are similar to those in *Gifford v. Linnell,* where the North Carolina Court of Appeals found a deed was void for lack of a grantee. 157 N.C.App. 530, 579 S.E.2d 440, 443 (N.C.Ct.App.2003). The deed in *Gifford* specified the property was conveyed to "Beth Linnell, Trustee of Droffig Family Trust." *Id.* at 442. The court found that because the deed referred to Linnell as a trustee, she was a grantee only in her representative capacity and not in her individual capacity. *Id.* at 443. Furthermore, the court found that because the trust was not in existence on the date of conveyance, the deed failed to identify a valid grantee. *Id.* at 442. Thus, the court ruled that Linnell was not the intended grantee at the time of the deed's execution, but rather was the representative of a non-existing legal entity. *Id.* at 443. Therefore, the court voided the deed for lack of a grantee. *Id.* Adopting the court's reasoning in *Gifford,* we believe the use of the words "as trustee" following Burbage's name indicates she was not a grantee in her individual capacity. Consequently, because a trust does not exist, we find the deed is void because it designates a grantee that does not exist. Accordingly, we

affirm the trial court's grant of summary judgment on this issue.

## II. Transfer of Funds

### A. Gift

■ The Appellants argue the trial court erred in granting summary judgment and ordering them to pay Foster $73,800. Specifically, they contend a portion of this sum, the $45,000 CD, was a gift from Foster.[2] Burbage contends the CD was a gift from Foster because he gave her the CD and instructed her to split the money between the Appellants when it matured. However, she also testified that the money was moved so it would be protected and gain interest. Foster testified the CD was not a gift. Because of the conflicting testimony regarding the CD, we find a genuine issue of material fact exists as to whether the CD was a gift from Foster. *See* Rule 56(c), SCRCP ("[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Accordingly, we reverse the trial court's decision to award Foster the $45,000 CD.

### B. Assisted Care Expenses

■ The Appellants also argue the trial court erred in granting summary judgment regarding the remaining portion of the $73,800. Specifically, they allege a portion of the funds was used to pay Foster's assisted care expenses. While the exact amount of funds spent on Foster's assisted care expenses is unclear, the Appellants do allege they used at least $6,800 to pay these expenses. We find this issue is not preserved for review.

At the summary judgment hearing, the Appellants argued they were fiduciaries responsible for protecting Foster's assets. However, they did not argue that the funds were used

2. Foster argues this issue is not preserved for review because the Appellants did not raise it to the trial court. We find this issue is preserved because Burbage testified in her deposition that Foster told her to divide the CD between the Appellants when it matured.

for Foster's assisted care expenses. Therefore, because the Appellants failed to raise this argument to the trial court, this issue is not preserved for review. *S.C. Dept. of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (holding that in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge).

### C. Competency

■ The Appellants argue the trial court erred in finding there was no genuine issue of material fact as to Foster's mental competency. We disagree.

The trial court found the Appellants failed to present competent evidence from a physician or otherwise to establish that Foster was mentally incompetent. The Appellants contend there was ample testimony that Foster suffered from dementia, was incapable of handling his own finances, showed signs of confusion and memory loss, and was not thinking rationally. Foster testified he had never been diagnosed with dementia and argues that the Appellants were unable to present any medical evidence to support their allegations. Because the Appellants failed to offer any evidence aside from Burbage's allegations that Foster was mentally incompetent, we find the trial court did not err in finding there was no genuine issue of material fact regarding Foster's mental competency. *See* Rule 56(c), SCRCP ("[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Accordingly, we affirm the grant of summary judgment as to this issue.

## CONCLUSION

We find the trial court did not err in voiding the deed and finding the Appellants failed to create a genuine issue of material fact regarding Foster's mental competency. We do, however, find the trial court erred in awarding Foster the $45,000 CD based on conflicting evidence presented during the summary judgment hearing. Furthermore, we find the Ap-

pellant's argument that the funds owed to Foster were used for his assisted care expenses is not preserved for review. Accordingly, the trial court's order is

**AFFIRMED IN PART AND REVERSED IN PART.**

SHORT and WILLIAMS, JJ., concur.