711 S.E.2d 878

**Harvey L. FOSTER, Respondent,**

v.

**Gary FOSTER, Jean F. Burbage, Mike Foster and Jean Burbage as Trustee, Petitioners.**

No. 26956.

Supreme Court of South Carolina.

Heard March 1, 2011.
Decided April 4, 2011.

J. Falkner Wilkes, of Greenville, for Petitioner.

Rhett D. Burney, of Turner & Burney, of Laurens, for Respondent.

Justice PLEICONES.

We granted certiorari to review the Court of Appeals' decision in this constructive trust case brought by respondent against his three children (petitioners) seeking title to his home and the return of certain funds. *Foster v. Foster*, 384 S.C. 380, 682 S.E.2d 312 (Ct.App.2009). We affirm.

## *FACTS*

In 2004, respondent purported to deed his home to petitioner Burbage. In the deed, he conveyed the house to "JEAN F. BURBAGE, AS TRUSTEE" while reserving for himself a life estate. On the same day the deed was signed, respondent's attorney executed an affidavit to the effect that the property transfer was exempt from the recording fee because the deed "Transferr[ed] realty to member(s) of the family and retain[ed] a life estate interest."

Burbage also wrote checks on respondent's joint checking account, from which she paid his expenses and into which funds were occasionally deposited. Burbage opened a money market account in her own name, and deposited in it $73,800 of funds from the joint account. Among the funds deposited first in the joint account and then into the money market account were the proceeds from a $45,000 certificate of deposit (CD).

The circuit court judge granted respondent's motion for summary judgment. He voided the deed, finding there was no trust and thus the purported conveyance to Burbage as trustee of a nonexistent trust was a nullity, and concluded the property belonged to respondent. The circuit court judge also ordered petitioners to return $73,800, the amount petitioner Burbage had removed from the joint account and divided among herself and her brothers, the other petitioners, finding respondent had established a constructive trust as to this amount.

On appeal, the Court of Appeals affirmed in part and reversed in part. It found there was a genuine issue of material fact whether $45,000 of the $73,800, that is, the amount derived from the CD's proceeds, constituted a gift. Therefore, the court affirmed summary judgment only as to $28,800 of the $73,800. The court also affirmed the voiding of the purported trust deed, and held that petitioners' claim that they were entitled to an offset of at least $6,800 against the $28,800 for funds spent to pay respondent's assisted care expenses was not preserved for appeal.

## ISSUES

1) Did the Court of Appeals err in affirming the circuit court judge's decision to set aside the deed?
2) Did the Court of Appeals err in holding that petitioners must return $28,800?

## ANALYSIS

A. *Deed*

At the time this deed was executed, the South Carolina Probate Code required that a trust which includes

real property be proved by a writing. *See* S.C.Code Ann. § 62–7–401 (1986). A trust in land may be proved by more than one writing, so long as each writing is signed by the settlor and the writings indicate they relate to the same transaction. *Ramage v. Ramage*, 283 S.C. 239, 322 S.E.2d 22 (Ct.App.1984). Moreover, one who appears to hold title to property in her own name can be shown to have acknowledged that she in fact holds title as trustee under the terms of the grantor's will. *Rutledge v. Smith*, 6 S.C.Eq. (1 McCord Eq.) 119 (1825).

Petitioners' reliance on *Rutledge* is misplaced, as this is not a situation where a party is seeking to impose a trust, but rather one where the purported settlor denies the existence of a trust in land. Moreover, there is no written evidence of the purported trust's terms or its beneficiaries in document(s) signed by respondent.

We agree with the Court of Appeals that the circuit court correctly found no evidence of a proper trust in land as there are no documents signed by respondent referring to a trust other than the deed.

### B. *Return of Money*

■ In their brief before this Court, petitioners maintain that the trial court and the Court of Appeals erred in requiring them to return the entire $28,800 to respondent because this result does not give them credit for bills paid on respondent's behalf out of these funds. We disagree.

The trial court found that petitioner Burbage removed $73,800 from a joint account at Carolina First in five separate transactions between October 24, 2006, and January 4, 2007, depositing all monies into her own account. Viewed in the light most favorable to petitioners, there is a passage in Ms. Burbage's deposition where she stated that the two transfers in December 2006 totaling $4,800 into her money market account "would have been paid to" the nursing facility where respondent lived until December 2006. However, the only evidence of the nursing home bill was respondent's testimony that it was around $2,000 per month. A review of the partial bank records in the Appendix suggests that the December 2006 nursing home charge was paid from the joint checking

account on November 14, 2006. There is no evidence that any January 2007 nursing home bill was paid at all, much less that it was paid from Burbage's money market account, especially as respondent had left the facility before January 1, 2007.

The trial court's order is silent on the issue whether petitioners were entitled to an offset against the funds admittedly moved out of respondent's account for monies spent for respondent's care. In their appellate brief, however, petitioners argued that "[t]he [circuit] court erred in ordering the return of any funds which had been expended in support of [respondent]." Then, as now, petitioners are unable to specify evidence of any such payments in the appellate record.

The Court of Appeals held that petitioners' claim for a credit against the money Burbage took from the Carolina First account was not preserved for direct appeal since the petitioners never argued to the circuit court that any of these funds were used for respondent's care. On certiorari, petitioners contend the Court of Appeals erred in finding this claim not preserved. We disagree.

█ In order to preserve an issue for appellate review, a party must both raise that issue to the trial court and obtain a ruling. *E.g.*, *Linda Mc Co., Inc. v. Shore*, 390 S.C. 543, 703 S.E.2d 499 (2010). Here, petitioners did neither, and the Court of Appeals properly declined to address this claim. Moreover, a careful review of the record discloses no evidence that any of the monies transferred to petitioner Burbage's account and then to her siblings was actually expended on their father's care.

## CONCLUSION

The Court of Appeals properly affirmed the circuit court's ruling on the deed issue, and properly declined to address the credit/offset claim raised for the first time on appeal.

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.