THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Barbara S.
 McGowin, Appellant,
 
 
 

v.

 
 
 
 Jeffrey D. McGowin, Respondent.
 
 
 

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2012-UP-076
 Heard December 7, 2011  Filed February 8,
2012    

AFFIRMED

 
 
 
 Thomas Ryan Phillips, of Charleston, for
 Appellant.
 Mark Andrew Redmond, of Charleston, for
 Respondent.
 
 
 

PER CURIAM: In
 this domestic action, Barbara McGowin (Wife) sought a change of custody of a
 minor child, child support, restoration of the prior marital residence to her possession,
 a home maintenance fee, and attorney's fees.  After trial, the family court
 entered a Final Order terminating Wife's alimony, modifying Jeffrey McGowin's
 (Husband) child support obligation, denying both parties' requests for
 attorney's fees, and incorporating a pretrial agreement made between the
 parties. She now contends the family court erred in treating her alimony award
 as rehabilitative, terminating her alimony award, and denying her request for
 attorney's fees.  We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authority:

 1. As to whether the family court
 improperly treated the award of alimony as rehabilitative rather than permanent
 and periodic, we find the issue is not preserved for our review.  Foster v.
 Foster, 393 S.C. 95, 99, 711 S.E.2d 878, 880 (2011) (stating that "[i]n
 order to preserve an issue for appellate review, a party must both raise that
 issue to the trial court and obtain a ruling").
 2. As to whether the family court
 erred in finding an unanticipated, substantial change in circumstances
 sufficient to warrant a termination of Wife's award of alimony, we affirm the
 family court.  Lewis v. Lewis, 392 S.C. 381, 384, 709 S.E.2d 650, 651
 (2011) (finding this court reviews appeals from the family court de novo); Fiddie
 v. Fiddie, 384 S.C. 120, 127, 681 S.E.2d 42, 46 (Ct. App. 2009) (stating
 that upon a substantial and material change in circumstances, the family court
 may modify an alimony obligation); Fiddie, 384 S.C. at 127, 681 S.E.2d
 at 46 (stating moreover, the change in circumstances must be unanticipated); Miles
 v. Miles, 355 S.C. 511, 519, 586 S.E.2d 136, 140 (Ct. App. 2003)
 (commenting that "[m]any of the same considerations relevant to the
 initial setting of an alimony award may be applied in the modification context
 as well, including the parties' standard of living during the marriage, each
 party's earning capacity, and the supporting spouse's ability to continue to
 support the other spouse"). 
 3. As to whether the
 family court considered the appropriate factors in reaching its decision to
 deny Wife's request for attorney's fees, we affirm the family court.  E.D.M.
 v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating that
 when deciding whether to award attorney's fees and costs, the family court should
 consider the following: "(1) the party's ability to pay his/her own
 attorney's fee; (2) beneficial results obtained by the attorney; (3) the
 parties' respective financial conditions; and (4) effect of the attorney's fee
 on each party's standard of living").

AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.