## STATE v. HUCKIE.

Where the defendants in a criminal prosecution offer no evidence, they are entitled to the reply in argument; but where jointly indicted, and any one of them introduces evidence, the state is entitled to the reply.

Before HUDSON, J., Berkeley, June, 1884.

The opinion fully states the case.

*Messrs. Lee & Bowen*, for appellant.

*Mr. Solicitor Jervey*, contra.

March 3, 1885. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The appellant Prince Huckie, and

one Paris Bailey, were jointly indicted for burglary and larceny, but were represented by different counsel. After the state had closed its case, Huckie declined to offer testimony in defence, but his co-defendant Bailey called one witness. The counsel for Huckie claimed the right to reply in argument, which was denied him by Judge Hudson. The jury found a verdict of "guilty" as to both, but with a recommendation to mercy as to the appellant. Huckie moved in arrest of judgment, and for a new trial as to himself; but both these motions being refused, he appeals to this court, upon the single ground "that the judge erred in refusing to allow his attorney to make the reply or closing argument in the case, no testimony having been offered in his behalf."

This is not a matter of error as to express law, but of practice. The rule of court cited (*Circuit Court Rules*, 59) does not reach and provide for the point, for that rule really relates to the burden of proof, and the character of the issue, as giving the right to the defendant in certain cases, to open and close both in the evidence and argument. Its terms are: "And on all motions or special matters either springing out of a cause or otherwise, the actor or party submitting the same to the court, shall, in like manner, begin and close; and so shall the defendant, where he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof, have the like privilege." This rule, with slight modification, has been in existence in this state ever since 1796 (see Miller's Compilation), but it does not cover this case. There has been here no admission of the plaintiff's cause, or assumption of the burden of proof by the defendant.

We have looked through all the rules adopted at different times by the courts of this state, and we have not been able to find one which in express terms gave the defendant the right to reply, where there was no change in the character of the issue by admission, simply on the ground that the defendant offered no evidence. It seems, however, that, resting upon the common law, such has been the practice. In the case of *Hagood* v. *Cathcart* (*Rice*, 262), the defendant simply called back the plaintiff's witness, after the plaintiff had closed his case, and it was held "that the general rule as to the reply, is, if the defendant adduce

any evidence, the plaintiff's counsel is entitled, as of right, to the reply." 3 *Chit. Gen. Prac.*, 900; 1 *Moody & Malkin*, 86 (22 *E. C. L. R.*, 259). And it seems that this has been the practice in criminal as well as civil proceedings. See the case of *State* v. *Brisbane*, in which it was held, that "in all public prosecutions on the part of the state, where defendant or prisoner calls no witnesses, his counsel is entitled to the last word or the privilege of concluding the arguments to the jury, notwithstanding the former practice to the contrary." 2 *Bay*, 451. This case has a note appended in these words: "This rule has been invariably observed in all the criminal courts throughout the state, as well as in the courts of common pleas ever since the above determination; so that it may now be considered as a standing rule of practice in our criminal courts of judicature."

But while this is the case, it appears that if *any evidence* is offered in defence, the general right of reply will not be transferred from the state to the defendant. Even where the defendant offered no evidence strictly in defence, but his witnesses were heard on a cross indictment between the same parties, the court held "that in ordinary cases, where the defendant offered no evidence, his counsel was entitled to the reply, but where cross indictments were taken up and heard together, and defendant's witnesses were examined in the indictment which he preferred, that the state was entitled to the reply." *State* v. *Creitsburgh et al.*, 4 *McCord*, 30. It follows that if appellant had been the only party charged, and he had offered no evidence, his counsel would have been entitled to the reply in argument.

Does it alter the case, when two or more are indicted for the same offence, and one of the number offers evidence? We think it does. A prosecution against several jointly for the same offence is an entirety, but one proceeding, without regard to the number of persons who may be charged. The calling of witnesses by one of the defendants, was offering evidence in the cause. The defendants did not have the right, if they had desired, to sever in the trial. *State* v. *Littlejohn*, 1 *Bay*, 311; *State* v. *Wise & Johnson*, 7 *Rich.*, 412. This inability to sever in their defence, however, did not interfere with the right of each individually to claim the number of challenges allowed by law.

As was said in the case of *Wise & Johnson, supra:* "The right of challenge must and will be preserved unimpaired; hence it must be permitted to each for himself. The foundation for the privileges is stated by Mr. Justice Blackstone (4 *Com.*, 353), and hence it will be seen that the right to challenge does not draw after it the right of selection, but merely of exclusion." It has been held that this court cannot declare error in the refusal of the Circuit judge to permit more than one counsel for defendants to cross-examine a witness for the state, although the several defendants were represented by different counsel. *State* v. *Sims,* 16 *S. C.,* 487. For the same reasons we cannot declare error in the refusal of the Circuit judge to allow the counsel of one of two defendants, the general reply in argument, the other defendant jointly indicted having examined witnesses in defence.

The judgment of this court is that the judgment of the Circuit Court be affirmed.