15935

STATE v. COGGINS

(42 S. E. (2d) 240)

*Mr. C. Y. Brown,* of Spartanburg, for Appellant, cites:

*Messrs. Paul L. Taylor,* Solicitor, and *Thomas W. Whiteside,* of Spartanburg, for Respondent.

April 8, 1947.

Stukes, AJ.: The appellant was convicted at the November 1946 term of the Spartanburg County Court of assault and battery with intent to kill. The prosecuting witness was wounded by a shotgun blast at night while in or near the watermelon patch of defendant's father. The victim gave in testimony at the trial an innocent explanation of his presence there and denied intention of pilferage. The principals are both young men.

On the day after the occurrence on Friday a county law enforcement officer, accompanied by the prosecutor and investigating the alleged crime, visited the home of the defendant, who was not then present, and questioned his father. In the course of this officer's testimony he said that the father told him he would produce on the following Monday the man who did the shooting and, pressed further, the father said that it was his son and that he would "make bond" for him. The prosecutor then procured a warrant for the arrest of the defendant. The officer said that he was moved by friendship for the family of the defendant, on which account he handled the matter in that way and heeded the father's request that he not then investigate further.

Defendant's counsel made timely objection to the testimony of the officer of the information as to the guilt of the defendant which was given him by the defendant's father upon the ground that it was hearsay. The trial Judge agreed that it was and would ordinarily be incompetent, but he held that the special consideration shown the defendant and his father justified the admission of the evidence, apparently on the theory that it was in explanation of the unusual course of the officer in the conduct of the investigation and in not further pursuing it.

Admission of the evidence was error but the record discloses that it was not prejudicial to the defendant, now appellant, upon that ground. This conclusion is reached for the reason that the prosecution called the father of the defendant as a witness and he testified in apparent utmost frankness and truth that he investigated after he heard the shots and found his son (the defendant) at the watermelon patch with a twelve gauge automatic shotgun and, upon questioning, the defendant told him that he saw four boys come to the edge of the field and he commanded them to stand still but when they began to run "he fired the way they were going" four times. The officer's testimony which had been admitted over objection became insignificant in view of the evidence of defendant's father on

the stand for the State. What the officer was erroneously permitted to testify the father told him, which was objectionable hearsay, the father said (in effect) for himself under oath as a witness. This assignment of error is, therefore, without merit. Appellant enjoyed the full protection of the constitutional guaranty of confrontation of witnesses. *State v. Hester,* 137 S. C. 145, 134 S. E. 885.

■ Another exception alleges error in claimed prejudice of appellant occasioned by the following remark of the Court in the presence of the jury, a part of the ruling that the cited testimony was competent because of the special circumstances attending the statement of appellant's father to the officer: "By the Court: Where he asked as a special consideration that the officer not talk to his boy and the officer showed that, I don't think it is proper to come into Court and dodge behind that. I am going to let it in".

The intendment of this exception is that the trial Judge thereby expressed his opinion that appellant had perpetrated a fraud upon the officer, whereas he was not even present and, of course, did not participate in the transaction. But appellant's father's appearance and testimony as a witness for the State belies this theory. In the light of it there was no "fraud" upon the officer. Appellant's father was as good and better than his word for he produced his son as promised and testified for the prosecution at the trial. There was no "dodge". Under these circumstances no prejudice resulted and the exception must be overruled.

■ However, it may not be amiss to add in connection with the foregoing that the Court did not make a happy choice of words and comment. He could and should have ruled without suggestion of reflection upon appellant or his father. But even in that aspect it did not constitute objectionable expression of the opinion of the judge anent the testimony, as earnestly contended by appellant's long-experienced counsel. *State v. Mishoe,* 198 S. C. 215, 17 S. E. (2d) 142. *State v. Deas,* 202 S. C. 9, 23

S. E. (2d) 820. This conclusion is not in conflict with the decision in *State v. Simmons* (S. C.) 41 S. E. (2d) 217.

■ The basis of the last exception is a reprimand of defendant's counsel by the court. There had been repeated exchanges between Court and counsel in connection with the latter's objection to the reception in evidence of the investigating officer's statement of his conversation with appellant's father prior to the arrest, to which we have referred. The Solicitor was going over the same ground again in his re-direct examination of the officer-witness when the following occurred, which is quoted from the record:

"Q. As a matter of fact you haven't talked with the boy yet?

A. No, sir.

Q. You let his father bring him in and make bond?

A. Yes.

Q. The first occasion you talked with Mr. Coggins was on Saturday?

A. Yes.

Q. And that's when you were down there in your official capacity investigating the shooting?

A. Yes.

Q. And Mr. Coggins went to the watermelon patch with you and these boys and Will Quinn?

A. Yes.

Q. Whose watermelon patch?

A. Mr. Coggins'.

Q. And he went with you?

A. Yes.

Q. In the course of the conversation with him did you ask him who did the shooting?

By Mr. Brown: I object.

By the Court: I have already ruled competent this conversation with the father, Mr. Brown. If I am wrong the Supreme Court will correct me.

By Mr. Brown: They'll have to.

By the Court: All right, Mr. Brown, we are not going to have any such remarks. Just one more remark like that and I am going to fine you for contempt of Court."

The exception is: "That the Presiding Judge erred in threatening to fine the Attorney for the defendant for contempt, the error being that no statement was made nor acts committed by the said Attorney from which any disrespect for the Court could be implied and the only acts or statements by the said Attorney were only such as were necessary for him to do or say in the proper defense of his client."

It is seen that there is no allegation in the exception that appellant was harmed by the incident. Moreover, the record indicates no prejudice to him on that or any other account.

The exceptions are overruled and the judgment affirmed.

BAKER, CJ., FISHBURNE and OXNER, JJ., concur. TAYLOR, J., dissents.

TAYLOR, AJ. (Dissenting): I regret very much that I am unable to concur in the majority opinion in holding it was not error for the Court when ruling upon the admissibility of evidence, which was admittedly hearsay and at that time of course should not have been admitted, in stating that "where he asked as a special consideration that the officer not talk to his boy and the officer showed that, I don't think it is proper to come into Court and dodge behind that. I am going to let it in". The entire conversation between the father and the officer was in the absence of the defendant, and defendant when placed upon trial had a perfect right to make such objections as he saw fit, and the remark of the trial judge in passing thereon certainly indicated to the jury that he considered the position taken by defendant as a dodge. The son was on trial, not the father, and there could have been no dodge on his part because he at no time was a party to the discussions between his father and the officer, and even if he was, he had a right to make objections as he thought proper, and to his best interest without derogatory

statements by the presiding Judge. The fact that the witness was the father of the defendant placed the testimony in no different category than that of any other third person, yet it was a great deal more damaging by reason thereof.

Under Article 5, paragraph 26 of the State Constitution, the presiding Judge should not convey to the jury either expressly or impliedly his opinion of the force and effect of testimony upon any question of fact at issue. The real object of this section of the Constitution is to leave the decision of all questions of fact to the jury exclusively, uninfluenced by any expression of opinion by the Judge. Not only must the formal charge to the jury be kept free from any statement of facts in issue or expression as to the weight and sufficiency of evidence, but it has been frequently held that a trial Judge should not by the interrogation of witnesses or *remarks in ruling upon evidence offered,* indicate opinions or express views reasonably calculated to influence the jury. He should not at any stage of the trial express an opinion directly or indirectly upon the weight or sufficiency of the evidence, or the motive of the defendant in making objections to proffered testimony. The trial Court should avoid expressions of opinions which are reasonably calculated to influence the jury in deciding material issues of facts. It is the intendment of this Section that all questions of facts be left to the jury and that the Judges be prevented from forcing upon the juries their own convictions. The force and effect of any evidence is for the jury, and they alone shall determine what credence and weight it will have with them. The Judge's position would naturally add great weight to any opinion he might express in the presence of the jury, and for this reason he should carefully refrain from and avoid expressing any opinion upon the weight and sufficiency of the evidence, either in his formal charge or by remarks in ruling upon evidence offered. Citing *State v. Davis,* 27 S. C. 609, 4 S. E. 567; *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371; *Powers v. Rawls,* 119 S. C. 134, 112 S.

E. 78; and the very recent case of *State v. Simmons*, 41 S. E. (2d) 217.

In his ruling, the trial Judge clearly indicated that to sustain the objection of the defendant would permit him to perpetrate a dodge upon the Court (and not the investigating officer), which in my opinion, was highly improper.

For the foregoing reasons, I, therefore, am of the opinion that the case should be reversed and remanded for a new trial.