THE STATE OF SOUTH CAROLINA
In The Supreme Court

The State, Respondent,

v.

Ronald Lee Legg, Appellant.

Appellate Case No. 2014-000568

―――――――――

Appeal from Horry County
Edward B. Cottingham, Circuit Court Judge

―――――――――

Opinion No. 27628
Heard February 9, 2016 – Filed April 20, 2016

―――――――――

**AFFIRMED**

―――――――――

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia, and Solicitor Jimmy A. Richardson, II, of
Conway, for Respondent.

―――――――――

**CHIEF JUSTICE PLEICONES:** Appellant was convicted of lewd act on a
minor. He was sentenced to twelve years' imprisonment, ordered to be placed on
the sex offender registry, and subjected to GPS monitoring. Appellant argued at
trial and before this Court that South Carolina Code Annotated section 17-23-175
(2014)—permitting a videotaped forensic interview of an alleged child abuse
victim to be played before a jury—arbitrarily allows an alleged victim to testify

twice therefore violating his Due Process[1] right to a fair trial under the Fourteenth Amendment.[2]  The trial judge ruled the videotape at issue met the statutory requirement for admission, and that in his view, its admission was constitutional; therefore, the videotape was permitted to be played before the jury.  Because we find the statute is not facially unconstitutional on procedural Due Process grounds, we affirm appellant's conviction and sentence.

## ISSUE

> Is section 17-23-175 (2014), unconstitutional in that it arbitrarily allows an alleged victim's testimony to be presented twice, depriving a defendant of his Due Process right to a fair trial under the Fourteenth Amendment?

## ANALYSIS

Appellant contends section 17-23-175 offends Due Process because it arbitrarily allows an alleged victim's "testimony" to be heard twice by the jury, thereby bolstering the testimony of the alleged victim, where no other type of criminal case allows this procedure.[3]  We disagree.

---

[1] *See* U.S. Const. amend. XIV, § 1.

[2] Appellant also raises a secondary issue which is not preserved for appellate review; therefore, it will not be addressed in this opinion.  *See Foster v. Foster*, 393 S.C. 95, 99, 711 S.E.2d 878, 880 (2011) (finding issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court).

[3] Appellant's argument before this Court is novel; however, section 17-23-175 has been challenged myriad times in the appellate courts of this state, and has in each instance withstood scrutiny.  *See, e.g.*, *State v. Anderson*, 413 S.C. 212, 776 S.E.2d 76 (2015) (holding section 17-23-175 did not violate the Confrontation Clause of the Sixth Amendment); *State v. Whitner*, 399 S.C. 547, 732 S.E.2d 861 (2012) (holding section 17-23-175 "is a valid legislative enactment," and does not permit improper bolstering); *State v. Stahlnecker*, 386 S.C. 609, 690 S.E.2d 565 (2010) (holding section 17-23-175 merely authorizes the introduction of new evidence and "does not alter substantial personal rights; therefore, it does not violate *ex post*

Section 17-23-175 provides, in pertinent part:

> (A) In a general sessions court proceeding or a delinquency proceeding in family court, an out-of-court statement of a child is admissible if:
>
>> (1) the statement was given in response to questioning conducted during an investigative interview of the child;
>>
>> (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means, except as provided in subsection (F);
>>
>> (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and
>>
>> (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness.
>
> (B) In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors:
>
>> (1) whether the statement was elicited by leading questions;
>>
>> (2) whether the interviewer has been trained in conducting investigative interviews of children;

---

*facto* laws); *State v. Bryant*, 382 S.C. 505, 675 S.E.2d 816 (Ct. App. 2009) (holding section 17–23–175 did not violate the Savings Clause and did not constitute an *ex post facto* violation).

(3) whether the statement represents a detailed account of the alleged offense;

(4) whether the statement has internal coherence; and

(5) sworn testimony of any participant which may be determined as necessary by the court.

(C) For purposes of this section, a child is:

(1) a person who is under the age of twelve years at the time of the making of the statement or who functions cognitively, adaptively, or developmentally under the age of twelve at the time of making the statement; and . . . .

. . . .

S.C. Code Ann. § 17-23-175.

Although not posited in these precise terms, appellant brings a facial challenge to section 17-23-175 under procedural Due Process.

Due Process is not a technical concept with fixed parameters unrelated to time, place, and circumstances; rather, it is a flexible concept that calls for such procedural protections as the situation demands. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (citation omitted). Procedural Due Process contemplates a fair hearing before a legally constituted impartial tribunal. *Daniels v. Williams*, 474 U.S. 327, 337 (1986) ("[A] guarantee of fair procedure, sometimes referred to as 'procedural due process': the State may not execute, imprison, or fine a defendant without giving him a fair trial" (footnoted citation omitted)); *Vitek v. Jones*, 445 U.S. 480, 500 (1980); *State v. Houey*, 375 S.C. 106, 113, 651 S.E.2d 314, 318 (2007).

A facial challenge is an attack on a statute itself as opposed to a particular application. *City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443, 2449 (2015). When a party challenges a statute arguing it can never be applied constitutionally, the party is bringing a facial challenge. *Id.* at 2450 (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *Black's Law Dictionary* 261 (9th ed. 2009) (defining

facial challenge as "[a] claim that a statute is unconstitutional on its face—that is, that it always operates unconstitutionally."). A facial challenge is "the most difficult . . . to mount successfully," as it requires the challenger show the legislation at issue is unconstitutional in all its applications. *Id*. (quoting *Salerno*, 481 U.S. at 745);[4] *Sabri v. United States*, 541 U.S. 600, 604 (2004).

Because we find appellant's challenge fails to meet the *Salerno* standard, we find section 17-23-175 is not facially unconstitutional as a violation of procedural Due Process. In making this decision, we find persuasive the rationale articulated by the Texas Criminal Court of Appeals in *Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990) (en banc). Relying on *Salerno*, the *Briggs* court overturned its prior holding that the statute allowing at trial both live testimony of an alleged child sexual abuse victim, and the videotaped forensic interview, unfairly permitted the State to present its case in chief twice thereby violating Due Process. *Id.* (overruling *Long v. State*, 742 S.W.2d 302 (Tex. Crim. App. 1987) (en banc)).

---

[4] As this Court has noted, the viability of *Salerno* is a topic of debate in facial challenge cases. *See Town of Mount Pleasant v. Chimento*, 401 S.C. 522, 543–44, 737 S.E.2d 830, 843–44 (2012) (Hearn, J., dissenting) (citations omitted) (concluding *Salerno* applied). Indeed, in 2010, the United States Supreme Court openly acknowledged it "is a matter of dispute" in a "typical case" whether Salerno's no-set-of-circumstances test, or whether overbreadth's plainly-legitimate-sweep test, is the proper facial challenge standard. *See United States v. Stevens*, 559 U.S. 1577, 1587 (2010) (declining to address which standard applies, finding free speech facial challenges are distinguishable as "a second type of facial challenge"); *see also United States v. Comstock*, 627 F.3d 513, 518–19 (4th Cir. 2010) (recognizing, "In the years since *Salerno*, some members of the Court have expressed reservations about the applicability of this stringent standard . . . . But at the very least, a facial challenge cannot succeed if a 'statute has a plainly legitimate sweep'"(citations omitted)). The United States Supreme Court has not overruled *Salerno*, which notably addressed a Due Process facial challenge, and state and federal courts continue to apply *Salerno* in the context of Due Process facial challenges. *See, e.g.*, *United States v. Ruggiero*, 791 F.3d 1281, 1285–86 (11th Cir. 2015); *New York State Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 265–66 (2nd Cir. 2015); *Morrison v. Peterson*, 809 F.3d 1059, 1064–69 (9th Cir. 2015); *Neely v. McDaniel*, 677 F.3d 346, 349–50 (8th Cir. 2012); *United States v. Pendleton*, 658 F.3d 299, 305 (3rd Cir. 2011); *Gilbert v. State*, -- So.3d -- (Ala. Crim. App. 2016); *People v. Mosley*, 33 N.E.3d 137, 159 (Ill. 2015); *Montana Cannabis Industry Ass's v. State*, -- P.3d -- (Mont. 2016).

The *Briggs* court first established that duplication of the state's evidence did not *ipso facto* render a trial fundamentally unfair. *Id.* at 922. The *Briggs* court noted that the State could choose to call the minor during its case in chief, limit its questioning strictly to the creation of the videotape, and then tender the minor to the defense for cross-examination. *Id.* The *Briggs* court determined that such a scenario in no respect "duplicated" evidence, or bolstered the State's version of the facts. *Id.* The *Briggs* court further found that although the statute at issue allowed for duplicative statements by the minor, the defendant could benefit from inconsistencies presented between the videotape and the live testimony, meaning the statute could be applied without offending Due Process; therefore, it was not facially unconstitutional. *Id.* at 923–24 (citing *Salerno*, 481 U.S. at 745).

We agree with the Texas court's finding that there would be no grounds for a Due Process duplication of testimony argument if the State only questioned the minor as to the creation of the videotape prior to its publication to the jury and cross-examination. Therefore, we find the statute can be applied constitutionally and appellant's facial challenge is without merit. *See Salerno*, 481 U.S. at 745 ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish *that no set of circumstances exists under which the Act would be valid*" (emphasis supplied)). Moreover, we find it notable that in the instant case, appellant extensively cross-examined the minor as to prior inconsistent statements given during the videotaped interview, and during closing statements, argued those inconsistences damaged the minor's credibility.[5] We find appellant's utilization of the prior inconsistent

---

[5] Appellant cross-examined the minor regarding: discrepancies between the sequence of abuse she provided on direct examination versus the video interview; ambiguous responses she gave during the videotaped interview; why she continued to return to appellant's home if he were abusing her; why she delayed disclosing the abuse; the circumstances surrounding her disclosure, and whether she was really just upset because appellant had told her to "shut the F up"; whether some of her recollections mentioned in the interview were in fact based on a movie; whether games mentioned during the interview were actually played with her uncle as opposed to being played with appellant; and whether she had been coached or discouraged from using certain words while testifying at trial. As to discrepancies between her statements during the videotaped interview and her trial testimony, the minor stated she was "a little bit confused today."

During closing argument, appellant relied on the videotaped interview to argue the

statements made on videotape demonstrates he may have actually strengthened his defense from its use by impeaching the only witness to the alleged sexual abuse besides himself. *See Salerno*, 481 U.S. at 745; *see also Folks v. State*, 207 P.3d 379, 383 (Okla. Crim. App. 2008) (noting the alleged victim was impeached on cross-examination after her videotaped interview was played for the jury and stating, "We recognize that while this interpretation of § 2803.1 may allow the State to present its principal witness twice, it does not invariably operate to allow the State to bolster its version of the facts." (citing *Briggs*, 789 S.W.2d at 922)). Accordingly, because section 17-23-175 can be applied without offending procedural Due Process, it is not facially unconstitutional. *See Salerno*, 481 U.S. at 745.

## CONCLUSION

For the foregoing reasons, we affirm the trial judge's ruling, and hold section 17-23-175 is not facially unconstitutional as a violation of procedural Due Process.


**BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice Alison Renee Lee, concur.**

---

minor's conduct of repeatedly returning to appellant's home on her own volition was inconsistent with her allegations, stating, "If you want to, that video is available to look at if you don't believe or trust me." Appellant further referenced the videotape when pointing out that the minor's testimony at trial regarding which instance of abuse was most traumatic, was an event the victim did not mention in the videotape until almost the conclusion of the interview, long after discussing numerous other instances of inappropriate touching. Finally, appellant challenged the minor's demeanor during the interview, stating, "You look at that video and I would submit to you that child was happier then than she is now, and if she were traumatized, it would have shown on that video."