# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Michael Vernon Beaty, Jr., Appellant.

Appellate Case No. 2015-000718

---

Appeal from Laurens County
W. Jeffrey Young, Circuit Court Judge

---

Opinion No. 27693
Heard October 19, 2016 – Filed December 29, 2016

---

**AFFIRMED**

---

Clarence Rauch Wise and E. Charles Grose, Jr., both of
Greenwood, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Donald J. Zelenka,
and Assistant Attorney General Susannah Rawl Cole, all
of Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, for Respondent.

---

**CHIEF JUSTICE PLEICONES:** Appellant was convicted of murdering his
girlfriend and received a life sentence. While we affirm his conviction and

sentence, we find two of the issues he raises require discussion.[1]   Those two issues involve the trial judge's use of certain terms in his opening remarks to the jury, and the content requirements of a divided closing argument.

## A.  Opening Remarks

After the jury was sworn the trial judge gave preliminary remarks.  These remarks began with a warning that a real trial was not like television, and outlined the roles, duties, and responsibilities of the lawyers and the jury.  This was followed by a "non-charge," further advice about the proper role of the jury, and an explanation of trial procedure.  During those remarks, the judge said:

> This . . . trial . . . is a search for the truth in an effort to make sure that justice is done.  In searching for the truth and ensuring that justice is done is [sic] often slow, deliberate, and repetitive.
>
> [The attorneys] are sworn to uphold the integrity and the fairness of our judicial system and to help you as jurors to search for the truth.
>
> [Y]ou also just took an oath to listen to the evidence in this case and reach a fair and just verdict and you are expected to be professional, reasonable and ethical.
>
> [Y]ou the jurors find [the facts] from the testimony from a witness from the witness stand or any other evidence, and after hearing that evidence you will deliberate and render a true and just verdict under the solemn oath that you just took as jurors.
>
> [I]n determining what the true facts are in this case you must decide whether or not the testimony of a witness is believable.

---

[1] The remaining issues are affirmed pursuant to Rule 220, SCACR.  *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989); *State v. Phillips*, 416 S.C. 184, 785 S.E.2d 448 (2016); *State v. Sterling*, 396 S.C. 599, 723 S.E.2d 176 (2012); *State v. Scott*, 414 S.C. 482, 779 S.E.2d 529 (2015); *State v. Martin*, 415 S.C. 475, 783 S.E.2d 808 (2016); *State v. Smith*, 230 S.C. 164, 94 S.E.2d 886 (1956); *State v. Vang*, 353 S.C. 78, 577 S.E.2d 225 (Ct. App. 2003).

> [A]fter argument of counsel and the charge on the law by me, you will then be in a position to determine what the true facts are and apply those facts to the law and thus surrender [sic] a true and just verdict.

Following this statement, appellant requested a sidebar, and his objection was later put on the record.

At trial, appellant objected to the use of the terms "search[ing] for the truth," "true facts," and "just verdict." Appellant complained these terms were especially concerning when linked with the Solicitor's "misstatement" of circumstantial evidence and reasonable doubt in his opening statement,[2] and because the Solicitor had informed the jury that it would have to pick between two competing theories. The Solicitor acknowledged to the trial judge that the "search for the truth" language is disfavored but argued that its use here was not reversible error. The trial judge denied appellant's request for a curative instruction, holding that his remarks were merely an opening comment and not a jury instruction.

Appellant relies upon *State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000), which held that jury instructions on reasonable doubt which also charge the jury to "search for the truth" run the risk of unconstitutionally shifting the burden of proof to the defendant. The *Aleksey* court found there was no reversible error in the charge given there because the "seek the truth" language was given in conjunction with the credibility charge, and not with either the reasonable doubt or circumstantial evidence charge. *Cf. State v. Daniels*, 401 S.C. 251, 737 S.E.2d 473 (2012) (instructing discontinuance of charge that jury's duty is to return a verdict just and fair to all parties).

It is true, as the trial judge noted, that the comments here can be distinguished from *Aleksey* in that his was a "statement" and not a jury charge. Further, the remarks were not linked to either reasonable doubt or circumstantial evidence as was condemned in *Aleksey*. However, we agree with appellant that a trial court should refrain from informing the jury, whether through comments or through its charge, that its role is to search for the truth, or to find the true facts, or to render a just verdict. These phrases may be understood to place an obligation on the jury, independent of the burden of proof, to determine the circumstances surrounding the alleged crime and from those facts alone render the verdict it believes best

---

[2] Appellant did not contemporaneously object to these alleged misstatements.

serves the jury's perception of justice. We caution trial judges to avoid these terms and any other that may divert the jury from its obligation in a criminal case to determine, based solely on the evidence presented, whether the State has proven the defendant's guilt beyond a reasonable doubt. Although there was error here, our review of the entirety of the judge's opening comments and the entire trial record convinces us that appellant has not shown prejudice from this error sufficient to warrant reversal. *Compare State v. Coggins*, 210 S.C. 242, 42 S.E.2d 240 (1947) (trial court's choice of words and comments, while not "happy," did not require reversal).

## B.  Closing Argument

Appellant also contends the trial court erred in failing to require the State to open fully on the law and facts in its closing argument, and to limit the State's reply to matters raised by appellant's counsel in his "middle" closing argument.[3] Appellant argues that without such a rule, his procedural due process rights are offended. *State v. Legg*, 416 S.C. 9, 785 S.E.2d 369 (2016) (procedural due process requires a fair hearing). We agree in part, and hold that in a criminal trial where the party with the "middle" argument requests, the party with the right to the first and last closing argument must open in full on the law and the facts, and in reply may respond in full to the other party's argument but may not raise new matter.[4] *Cf.* Rule 43(j), SCRCP; *compare Bailey v. State*, 440 A.2d 997 (Del. 1982) (due process offended when State permitted to "sandbag" by making perfunctory

---

[3] This is, in fact, the issue raised by appellant to the trial judge **prior** to the closing arguments by both oral and written motion. Justice Few confuses appellant's arguments concerning prejudice made after those arguments with the actual issue before the Court today.

[4] Justice Few does not grasp that the common law rule we adopt today is **not** the rule we proposed to the General Assembly and that, as is its prerogative under the Constitution, it rejected. That rule would have required that the State open and close **in every case**. Today, we preserve the common law rule that the defendant has the right to open and close if he presents no evidence adopted in *State v. Brisbane*, 2 S.C.L. (2 Bay) 451, 452-4 (1802), the rule that would have been changed had Rule 21 been adopted. Moreover, in restoring the requirement that the party with the first argument open in full and raise no new matters in reply we exercise our **authority** and our **duty** to alter, and in this case restore, the common law rule. *E.g.*, *Marcum v. Bowden*, 372 S.C. 452, 643 S.E.2d 85 (2007); *State v. Huckie*, *supra*.

opening statement and then argue in full in reply, thereby depriving defendant the opportunity to counter State's arguments).

With the adoption of this rule governing the contents of closing arguments, we restore what had been, largely by court rule, the practice in this state for many years until 1971. *Compare State v. Huckie*, 22 S.C. 298 (1885) (identifying rule as having been "in existence" since 1796) *with State v. Lee*, 255 S.C. 309, 178 S.E.2d 652 (1971), *overruled in part on different grounds by State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009) (stating open in full practice altered with replacement of Circuit Court Rule 59 by Rule 58). In this case, we have reviewed the State's opening argument and its reply, and find that appellant is not entitled to a new trial as any error in the trial court's denial of his motion to require the State to open in full and limit its reply was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18 (1967) (harmless constitutional violation standard).

## C. Conclusion

We instruct trial judges to omit any language, whether in remarks to the jury or in an instruction, which might have the effect of lessening the State's burden of proof in a criminal case. Further, we hold that in criminal cases tried after this opinion becomes final, if requested by the party with the right to second argument, the party with the right to open and close will be required to open in full on the law and the facts, and be limited in reply to addressing the other party's argument and not permitted to raise new matters.

After review of the record in this matter, appellant's conviction and sentence are

**AFFIRMED**.

**BEATTY, KITTREDGE and HEARN, JJ., concur. FEW, J., concurring in part and dissenting in part in a separate opinion.**

**JUSTICE FEW:** I concur in section A, the majority's comments regarding the trial court's opening remarks to the jury. It is only fair to the trial court, however, and the other trial judges in South Carolina who have been using similar charges to introduce a jury to its responsibilities in a criminal trial, that we acknowledge our own responsibility in regard to the trial court's remarks. While "we have urged trial courts to avoid using any 'seek' language when charging jurors on either reasonable doubt or circumstantial evidence," *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) (citing *State v. Needs,* 333 S.C. 134, 155, 508 S.E.2d 857, 867–68 (1998)), that is not what the trial court did in this case. The trial court's "search for the truth" charge in this case was not connected to its charge on reasonable doubt or circumstantial evidence. What the trial court did do in this case is to use language almost identical to a "Preliminary Charge" this Court has continued to maintain for circuit judges on the judicial department intranet. Thus, we have been recommending that circuit judges use the very charge we now forbid.

I do not agree with section B, the majority's decision to change the rules of procedure regarding closing arguments for future criminal trials. As to the substance of the majority's new rule, the new rule is a better rule that will uphold the due process rights of defendants while adequately preserving the right of the State to present and argue its cases to the jury. But this Court does not have the power to promulgate new rules of procedure for future trials by writing opinions to decide cases. Rather, when we decide an appeal from a criminal conviction—as we do here—our power is limited to correcting errors of law.[5] The majority's decision today exceeds that power.[6]

---

[5] *See* S.C. CONST. art. V, § 5 ("The Supreme Court shall constitute a court for the correction of errors at law under such regulations as the General Assembly may prescribe."); *State v. Asbury*, 328 S.C. 187, 193, 493 S.E.2d 349, 352 (1997) ("This Court's scope of review is determined by our State constitution which limits our scope of review in law cases to the correction of errors of law." (citing S.C. CONST. art. V, § 5)); *State v. Francis*, 152 S.C. 17, 149 S.E. 348, 364 (1929) ("We think it not out of place to once again call attention to the fact that in criminal cases, even in those where men have been sentenced to death, this court, under the Constitution of this state, is absolutely limited to the correction of errors of law."). In *Asbury* and *Francis*, we cited the article V, section 5 limitation on our power to demonstrate we do not have the power to reach questions of fact. The limitation is even more important when the constitution specifically provides the manner in which we may act. *See* S.C. CONST. art. V, § 4A.

The Supreme Court does have the power to promulgate rules of procedure, but that power must be exercised pursuant to article V, section 4A of the South Carolina Constitution, which provides,

> All rules and amendments to rules governing practice and procedure in all courts of this State promulgated by the Supreme Court must be submitted by the Supreme Court to the Judiciary Committee of each House of the General Assembly . . . .

S.C. CONST. art. V, § 4A.

It is particularly inappropriate that this Court would write this new rule in this case. On January 28, 2016, the Supreme Court proposed an amendment to the South Carolina Rules of Criminal Procedure to add new Rule 21, which would have changed the law precisely as the majority changes the law today. *Re: Amendments to the S.C. Rules of Criminal Procedure*, 2014-002673 (S.C. Sup. Ct. Order dated Jan. 28, 2016). The proposed rule provided, "Closing arguments in all non-capital cases shall proceed in the following order: (a) the prosecution shall open the argument in full; (b) the defense shall be permitted to reply; and (c) the prosecution shall then be permitted to reply in rebuttal." *Id.* The January 28 order proposing the rule specifically stated, "These amendments shall be submitted to the General Assembly as provided by Art. V, § 4A of the South Carolina Constitution." *Id.* Article V, section 4A provides the General Assembly may reject proposed rules. "Such rules or amendments shall become effective ninety calendar days after submission unless disapproved by concurrent resolution of the General Assembly, with the concurrence of three-fifths of the members of each House present and voting." S.C. CONST. art. V, § 4A. On April 26, 2016, the General Assembly rejected Rule 21 by concurrent resolution, stating:

---

[6] In most cases, of course, our decision to correct an error of law becomes precedent that is binding on courts in the future. *See, e.g.*, *State v. Belcher*, 385 S.C. 597, 612, 685 S.E.2d 802, 810 (2009) (finding an error of law in the use of the inferred malice jury charge, reversing the conviction, and noting the ruling is binding in future cases).

> Be it resolved by the Senate, the House of
> Representatives concurring:
>
> That the amendments to the South Carolina Rules of
> Criminal Procedure, as promulgated by the Supreme
> Court of South Carolina and submitted to the General
> Assembly on January 28, 2016, pursuant to the
> provisions of Article V of the South Carolina
> Constitution are disapproved.

S. Con. Res. 1191, 121st Gen. Sess. (S.C. 2016).

Having attempted to change the rules of criminal procedure by following the requirements of the constitution, but having the changes rejected by the General Assembly (as the constitution provides it may do), this Court now makes an end-run around the constitution to change the rules anyway. While I respect the majority's determination to write rules of procedure that protect the due process rights of our citizens, we must do so within the constitutional limitations on judicial power.

In this case, Beaty's trial counsel raised a narrow issue that we could address without changing the rules of procedure for future trials. After the solicitor made his final closing argument, Beaty's counsel told the trial court the solicitor had "sandbagged his entire argument" and argued it was "a gross violation of due process." Counsel then requested the opportunity to "go through a list of things that we would like to have had the opportunity to refute" if given the opportunity to reply to the State's argument. As to one specific point, counsel argued the State presented a factual scenario for the first time in its final argument. Counsel then argued he could not have anticipated such an argument, and Beaty deserved the right to reply to it. Counsel then listed numerous other points in the State's final argument he argued were misleading, and explained in detail how he would have structured his own closing argument to respond if he had the opportunity. Finally, counsel specifically requested he be allowed "to reargue before the jury" to protect Beaty's due process rights. The trial court stated, "I'm not going to do that."

Beaty raised this limited issue on appeal. The majority finds "any error in the trial court's [ruling] was harmless beyond a reasonable doubt." Presumably, the majority finds the error harmless because it finds Beaty's due process rights were not actually violated in this case. This limited ruling on this limited issue is

sufficient to resolve this appeal. I therefore dissent from section B in which the majority adopts new rules regarding closing argument in all future criminal trials.