**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffrey Boyd Cooper, Appellant.

Appellate Case No. 2016-000189

———

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2019-UP-049
Heard April 11, 2018 – Filed February 6, 2019
Withdrawn, Substituted, and Refiled on March 13, 2019.

———

**REVERSED AND REMANDED**

———

Robert J. Butcher, of The Camden Law Firm, PA, of Camden, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

———

**PER CURIAM:** Jeffrey B. Cooper appeals the circuit court's order affirming his conviction for breach of the peace, arguing the magistrate's court erred in failing to

vacate his conviction after he was tried *in absentia* without receiving proper notice of the trial date. We reverse and remand for a new trial.

On October 6, 2011, Detective Jack Corbett, of the Kershaw County Sheriff's Office, cited Cooper for breach of peace. The uniform traffic ticket indicated a trial would be held at 9:30 a.m. on October 19, 2011. Cooper requested a jury trial.

On January 13, 2014, Deborah Butcher (trial counsel), of the Camden Law Firm, PA, (the Firm) filed a notice of appearance on Cooper's behalf. In a January 31, 2014 summons, the Kershaw County Magistrate noticed Cooper's trial for March 5, 2014, at 3:30 p.m. The summonses in the record are addressed to Cooper, trial counsel, and Detective Corbett. However, the summons to Cooper is unsigned.

On March 5, 2014, the magistrate's court held a jury trial on Cooper's charge. The magistrate stated,

> [A]s you can see, the Defendant is Mr. Jeffrey Cooper,
> who I would like to put on record that Mr. Cooper has
> been notified to be here. All of the party letters were sent
> to them to be here, present today, and it is his will
> whether he wanted to be here or not. But you can see
> that he's absent here . . . .

Detective Corbett testified at trial, and the jury found Cooper guilty. On March 13, 2014, the magistrate's court issued a bench warrant for Cooper for failure to appear.

After trial counsel learned Cooper had been tried *in absentia*, Robert Butcher (appellate counsel), who also worked at the Firm, promptly contacted the magistrate's court office in an effort to determine how he and trial counsel had missed the hearing.[1]

---

[1] Appellate counsel provided the chronology of this case in his brief and at oral argument. Although some of this timeline is not detailed in the record, we accept counsel's representations to this court. *See Elkachbendi v. Elkachbendi*, 2014-MO-035 (S.C. Sup. Ct. filed Sept. 17, 2014) (reversing family court and Court of Appeals' findings of untimeliness based on counsel's representations to the family court); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 651-52, 661 S.E.2d 791, 795-96 (2008) (citing Rule 704(1), SCACR, in presuming counsel was being truthful when she told the circuit court that she filed a motion during the applicable time period); Rule 407(1), SCACR ("A lawyer, being a member of the

On March 17, 2014, Cooper moved to vacate the judgment and for a new trial, arguing neither trial counsel nor the Firm received notice of Cooper's trial date. Cooper attached the affidavits of trial counsel and Michael Ludy, the Firm's paralegal, to his motion to vacate; both noted the Firm had procedures in place to prevent loss or misfiling of documents and averred the Firm did not receive notice of Cooper's trial. On April 7, 2014, the magistrate's court mailed a summons for the hearing on Cooper's motion to trial counsel at the same erroneous address the court used to send notice of Cooper's trial.[2]

At a May 7, 2014 hearing on the motion to vacate, appellate counsel stated that although he did not doubt the magistrate's court sent the notice of Cooper's trial, the Firm did not receive it. Appellate counsel surmised several potential reasons the notice had not been received: (1) the Firm was in the process of moving and had changed its address with the Supreme Court Attorney Information System (AIS), (2) the Firm's neighbors may not have been giving the Firm its mail, or (3) the mail was otherwise misdelivered. When asked if Cooper received notice of his trial, appellate counsel responded, "I'm not sure, but it [does not] matter." Before ruling, the magistrate told appellate counsel the court's records indicated notice was sent to trial counsel on January 31, 2014. The magistrate's court denied Cooper's motion to vacate, stating:

> Okay. After consideration and after hearing the Motion from Mr. Butcher, this is going to be my ruling: Mr. Butcher, *I think the Court has met their obligation* of sending this information to your law firm, so I'm going to

legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice."); Rule 3.3(a)(1), RPC ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."); Rule 4.1(a), RPC ("In the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person."); Rule 8.4(d), RPC ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

[2] Eventually, Cooper learned the notice problem stemmed from an address "syncing" issue the magistrate's court had with the computer program used to print the envelopes enclosing the notices.

> respectfully deny your Motion, sir. No objection, and
> have a good day.

(emphasis added). Cooper appealed on May 15, 2014.

After the hearing, appellate counsel contacted the magistrate's court to discuss notice issues and had at least two meetings with the then-chief magistrate.

On July 2, 2014, appellate counsel followed up a message to the then-chief magistrate with a letter apologizing for his "impertinence" and expressing his frustration with the magistrate court's ongoing notice problems. He memorialized the problems in detail:

> In the past month, when the Summary Court has actually sent notices, the notice was sent to our old address on Broad Street. This is a shame because we have noticed the Summary Court of our proper address once we learned of the problem with your court and after we had confirmed our addresses on the South Carolina Supreme Court Attorney Information System (AIS). Today we also learned that the Summary Court sent an answer and counterclaim to the Plaintiff in [another case] and the Clerk informed [the client] that our address was on Broad Street.[3]
>
> Upon investigation, it appears that my office has not received a notice of hearing directly from your office since February 27th or 28th of 2014. All of the notices we have received since that date have been from our clients or from the prosecuting law enforcement officers. This failure to notice our office in writing presents several problems should our clients be:
>
> 1. Incarcerated;
> 2. Hospitalized;
> 3. At a new address;
> 4. Deployed; or

---

[3] It was not. Months prior, counsel had updated the firm's address to Walnut Street in AIS and with the summary court.

5.   Out of town working.

**I spoke with [], the County attorney, and he stated that he has had similar problems with receiving notice.  He also stated that other attorneys are having similar problems.**

**In the Jeffrey Cooper case, Mr. Cooper was convicted in absentia because the wheelchair-bound man was in the hospital and I was not notified of the hearing.**  I asked for a motion to reconsider and [the magistrate's court trial judge] denied the motion from the bench with the implication that I was not being truthful about our office not receiving notice from the Summary Court.  This may be because when I first learned that we missed the court hearing, I spoke with [the trial judge] and told him that it doesn't make sense that we did not receive notice of [the hearing] if the Summary Court has a copy of a notice sent to our address.  I immediately and automatically assumed the fault was on my office's part.  When we investigated and found out that it was not our fault, our statements to the Court fell on deaf ears.

We have looked for fault on our part, to include searching case files in the office (my case files are kept separate at the house and employees do not have access to them), searching our scanned file database, questioning employees, changing employees' job duties, terminating employees, conferring with the postman and the postmaster, checking our addresses with the Summary Court, and affirming our addresses on AIS with the Supreme Court. After a thorough investigation, we do not believe the problem is at the law firm.

I have discussed this issue with [two other Summary Court judges in the same county] and [], the clerk.  Please understand that my frustration is compounded with [the] poor result in remedying the Jeffrey Cooper situation and knowing that my client received an unfair conviction from a court that would not revisit [its] unjust result.  Each missed notice reinforces that fact that there is a

likely chance that my clients will not receive access to justice because of the Summary Court's errors in handling paper work should my client be sick, out of town, or incarcerated.

The error could be as simple as failing to check the proper boxes when printing notices for court hearings. I hope it is that simple and I hope you are able to remedy this problem. I look forward to your response.

Again, my frustration was relayed to you in a very poor fashion. Please forgive my impertinence.

(emphasis added). Appellate counsel also explained the Firm did not receive notice of hearings in seven other cases and learned of the hearing dates from opposing counsel. The then-chief magistrate's response was to call appellate counsel in to his office for a "sit down." According to appellate counsel, during this meeting, the chief magistrate acknowledged the magistrate's court had been experiencing issues with its envelope-printing software: the magistrate's court's envelope-printing software did not sync its attorney addresses with those on the notices themselves or, apparently, with attorney addresses updated in AIS.

It is unclear what, if any, other action the magistrate's court then took following this chambers meeting. However, it is clear that *no* action was taken to rectify the notice problem affecting Cooper's conviction. It is difficult to understand why—upon receipt of counsel's letter detailing the notice problems in at least eight of his firm's cases, not to mention those known by the county attorney and others—neither the chief magistrate nor the presiding magistrate set a hearing to properly address the notice problems in this case and in any other matters in which non-notified attorneys may have requested such. Another alternative would have been to simply schedule Cooper a proper trial, at which Cooper could have appeared with counsel,[4] exercised his Confrontation Clause rights,[5] and had an opportunity to be heard.[6]

---

[4] U.S. Const. amend. VI.

[5] U.S. Const. amend. VI.

[6] U.S. Const. amend. V, XIV.

On November 12, 2014, Cooper supplemented his notice of appeal with the July 2, 2014 letter.[7] After a November 20, 2015 hearing, the circuit court affirmed Cooper's conviction by order dated December 23, 2015.

The question of notice is fundamental to the due process clause of both the United States Constitution and South Carolina Constitution. *See* U.S. Const. amend. XIV ("No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); S.C. Const. art. I, § 3 ("The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws."); *State v. Legg*, 416 S.C. 9, 13, 785 S.E.2d 369, 371 (2016) ("Procedural Due Process contemplates a fair hearing before a legally constituted impartial tribunal."). We find questions of fundamental fairness and concern for the integrity of the judicial process require that Mr. Cooper receive a properly noticed trial. Although the record contains notices addressed to Cooper and his attorneys, the notices were mailed to the wrong address, and trial counsel never received them. Because the record indicates the notices were not received due to mailing problems within the magistrate's court, the circuit court erred in affirming Cooper's conviction. *See City of Aiken v. David Michael Koontz*, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct. App. 2006) ("Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present. If the record, however, does not include evidence to support a finding that the defendant was afforded notice of his trial, the resulting conviction in absentia cannot stand."); *see also State v. Wrapp*, 421 S.C. 531, 537, 808 S.E.2d 821, 824 (Ct. App. 2017) ("It seems logical that for one to voluntarily fail to attend trial or otherwise waive his trial appearance, one must actually know when the trial is to occur.").

Moreover, we decline to accept the State's preservation argument here because as soon as trial counsel became aware of the notice issues, the Firm brought them to the attention of the magistrate's court and attempted to rectify them. However, the record indicates the magistrate's court made no effort to address the problem even

---

[7] Appellate counsel explained he waited until November to inform the circuit court because he wanted to discuss the notice issue with the magistrate's court in hopes of rectifying the situation.

after learning of errors in its own administration. Appellate counsel believed his communications with the chief magistrate were not well-received; thus, he did not formally request a hearing to put the notice issues on the record because he thought his letters and discussions with the magistrates were sufficient.

Attorneys are placed in precarious positions when forced to repeatedly call a court's attention to its own errors. This is the very reason our preservation rules recognize "that in circumstances where it would be futile to raise an objection to the trial judge, failure to raise the objection will be excused." *State v. Passmore*, 363 S.C. 568, 584, 611 S.E.2d 273, 282 (Ct. App. 2005).

Therefore, the circuit court's order affirming Cooper's conviction for breach of the peace is

**REVERSED AND REMANDED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**